# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
GEORGE RAYMOND HESTER, JR.,      *
as administrator of the         *
Estate of Teresa Hester and     *
as surviving spouse of Teresa   *
Hester,                         *      CV 516-82
                                *
     Plaintiff,                 *
                                *
v.                              *
                                *
UMR INSURANCE COMPANY;          *
MEMORIAL HEALTHCARE GROUP,      *
INC.; and HCA, INC.,            *
                                *
     Defendants.
```

## ORDER

Before the Court are Defendants UMR Insurance Company's ("UMR") Motion to Dismiss (Dkt. No. 11); HCA, Inc.'s ("HCA") Motion to Dismiss (Dkt. No. 16); and Memorial Healthcare Group, Inc.'s ("Memorial") Motion to Dismiss (Dkt. No. 17). The motions have been fully briefed and are now ripe for decision. For the reasons stated below, Defendant HCA's Motion is **GRANTED,** and Defendants Memorial and UMR's Motions (Dkt. Nos. 11, 17) are **DENIED.**

## BACKGROUND

The facts stated herein are taken solely from Plaintiff George Raymond Hester's ("Plaintiff") Complaint and are assumed

to be true, pursuant to Rule 12(b)(6). Plaintiff was the husband of Teresa Hester ("Mrs. Hester"). Mrs. Hester received gastric lapband surgery at a hospital operated by Memorial on March 3, 2015. Dkt. No. 1-1 ¶ 14. Plaintiff alleged that HCA is the parent company of Memorial. UMR is an insurance company which insured Mrs. Hester at the time of the surgery. Id. ¶ 2. Plaintiff alleges that UMR authorized the surgery through its agents and assured Mrs. Hester that the surgery would be partially covered through Medicare. Id. ¶¶ 17, 18, 22. Plaintiff alleges that a surgeon in the employ of Memorial and HCA gave Mrs. Hester the same assurance. Id. ¶ 18. Plaintiff alleges that the surgery was ultimately not covered by Medicare. Mrs. Hester died on March 2, 2016. Id. ¶¶ 20-21. Plaintiff alleges that her death was due to complications from surgery. Further, Plaintiff alleges that Mrs. Hester never would have gotten the surgery had it not been for the representations made by Defendants that the surgery would be covered by Medicare. Id. ¶ 21. Plaintiff now brings an action for negligent misrepresentation against all Defendants as a result of Plaintiff's surgery.

I. **HCA's Motion to Dismiss**

HCA moves to dismiss Plaintiff's case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. No. 16 p. 1. When a district court does not conduct an

2

evidentiary hearing on a motion to dismiss under Rule 12(b)(2), the plaintiff need only allege sufficient facts in the complaint to establish a prima facie case of personal jurisdiction over a nonresident defendant. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988); and Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988)).

However, if the defendant challenges personal jurisdiction with affidavit evidence in support of his position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). The plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." Polski Linie Oceaniczne v. Seasafe Transp. A/S, 795 F.2d 968, 972 (11th Cir. 1986) (quoting Bloom v. A.H. Pond Co., 519 F. Supp. 1162, 1168 (S.D. Fla. 1981)); see also Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to

3

prove jurisdiction by affidavits, testimony or documents." (quoting Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990))).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp., 556 F.3d at 1274 (citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005)). Therefore, the Court first looks to the Georgia long-arm statute. Jurisdiction is appropriate under the Georgia long-arm statute when a party (1) transacts any business in Georgia; (2) commits a tort in Georgia; (3) commits a tortious injury in Georgia caused by an act or omission outside this state, if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or (4) owns, uses, or possesses any real property in Georgia. O.C.G.A. § 9-10-91(1)-(4).[1]

At issue here is whether HCA's parent-subsidiary relationship with Memorial is sufficient to establish

---

[1] There two more avenues for jurisdiction under the Georgia long-arm statute but they are plainly inapplicable here because they apply to cases arising under family law. O.C.G.A. § 9-10-91(5)-(6).

AO 72A
(Rev. 8/82)

jurisdiction. Where a parent corporation and its subsidiary are separate and distinct corporate entities, one's minimum contacts with a forum state may not be attributed to the other for personal-jurisdiction purposes. Drumm Corp. v. Wright, 755 S.E.2d 850, 854 (Ga. Ct. App. 2014) (citing Vogt v. Greenmarine Holding, LLC, No. CIV.A.1:01-CV0311, 2002 WL 534542, at *4 (N.D. Ga. Feb. 20, 2002)). However, "if the parent's control over the subsidiary's activities is so complete that[ ] the subsidiary is, in fact, merely a division or department of the parent," then the parent can be considered as doing business through its subsidiary in the forum state, such that it is subject to the jurisdiction of the state court. Id. (quoting Sol Melia, SA v. Brown, 688 S.E.2d 675, 675 (Ga. Ct. App. 2009)).

To assert jurisdiction over a parent company based on the contacts of its subsidiary, Georgia courts may require "proof of control by the parent over the internal business operations and affairs of the subsidiary." Id. (quoting Vogt, 2002 WL 534542, at *4). "The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship." Id. (quoting Vogt, 2002 WL 534542, at *4). Activities consistent with common ownership include "monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of

general policies and procedures." Id. at 854 (quoting Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001)).

Here, HCA has provided a sworn affidavit indicating that its state of incorporation is Delaware and its principle place of business is in Tennessee. Dkt. No. 16-1 ¶ 3. HCA asserts that Memorial is an "indirect" subsidiary, meaning that HCA is three separate legal entities removed from any direct link to Memorial. Id. Furthermore, HCA indicates that it has no other contacts in the state of Georgia. Id. Thus, HCA has provided sufficient evidence to shift the burden of proof to Plaintiff to provide evidence of jurisdiction. Diamond Crystal Brands, 593 F.3d at 1257.

Plaintiff's entire basis for jurisdiction in this case is that it is appropriate as to Memorial and therefore that jurisdiction extends to its parent company, HCA. Dkt. No. 23-1 p. 5-7. Yet, simply presenting evidence that a parent-subsidiary relationship exists is insufficient to establish jurisdiction. Drumm, 755 S.E.2d at 854. Instead, Plaintiff must provide evidence that HCA exercises a substantial amount of direct control over Memorial's operations. Id. Plaintiff has provided no such proof. Instead, it appears HCA is distantly removed from the operations of Memorial, which appears to be HCA's subsidiary's subsidiary's subsidiary. That Memorial is within three degrees of HCA within a corporate chain does not

mean that the Court has jurisdiction over HCA. HCA provides evidence that Memorial funds were not co-mingled with HCA funds, Memorial independently managed the hospital where the injury occurred, and Memorial had its own employees and directors. Therefore, Plaintiff fails to establish anything more than a tangential relationship between HCA and Memorial, which is insufficient for the Court to exercise jurisdiction. Furthermore, there is no evidence that HCA otherwise conducts business in or owns property within the state of Georgia. Therefore, the Georgia state long-arm statute precludes the Court from exercising jurisdiction here and Plaintiff's claims against HCA will be dismissed.

II. **Motions to Dismiss by Memorial and UMR**

Memorial and UMR bring separate motions to dismiss pursuant to Rule 12(b)(6). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material

AO 72A
(Rev. 8/82)

elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

Here, however, both Memorial and UMR contend that the higher pleading standard under Federal Rule of Civil Procedure 9(b) applies. Dkt. Nos. 11, 17. Under this standard, Plaintiff must state with specificity "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiff]; and (4) what the defendants gained by the alleged fraud." Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997). Rule 9(b) only applies when a plaintiff makes allegations of "fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, the question posed before the court is whether a claim for "negligent misrepresentation" under Georgia law is one for "fraud or mistake" under Rule 9(b). A claim of negligent misrepresentation under Georgia law has three essential elements: (1) the defendant negligently supplied false information to foreseeable persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance.

8

Atwater v. Nat'l Football League Players Ass'n, 626 F.3d 1170, 1182 (11th Cir. 2010) (citing Futch v. Lowndes Cty., 676 S.E.2d 892, 896 (Ga. Ct. App. 2009)).

The Eleventh Circuit has held that the application of Rule 9(b) to a claim of negligent misrepresentation under Georgia law is appropriate. Smith v. Ocwen Fin., 488 F. App'x 426, 428 (11th Cir. 2012) (finding that a claim for negligent misrepresentation under Georgia law is an allegation of "fraudulent conduct" under Rule 9(b)). The Northern District of Georgia has applied the Rule 12(b)(6) standard to negligent misrepresentation. Coast Buick GMC Cadillac, Inc. v. Mahindra & Mahindra, Ltd., No. 1:12-CV-1935, 2013 WL 870060, at *5 (N.D. Ga. Mar. 7, 2013). However, more recent holdings from that court have rejected this view and applied the Rule 9(b) standard. Anderson v. Athene Annuity & Life Assur. Co., No. 1:16-CV-1637, 2016 WL 3883031, at *3 (N.D. Ga. June 23, 2016) (citing Smith, 488 F. App'x at 428) (expressly rejecting the holding in Mahindra). The Court credits the view of the Eleventh Circuit and more recent precedent from the Northern District of Georgia. Smith, 488 F. App'x at 428; Anderson, 2016 WL 3883031, at *3. After all, Rule 9(b) does not merely apply to "fraud," but also "mistake." Fed. R Civ. P. 9(b). Plaintiff's allegations here are essentially one of mistake. Specifically, that agents of Memorial and UMR mistakenly

9

conveyed that his wife's surgery would be covered by Medicare when it was not.

Therefore, the Court finds that Plaintiff must state his negligent misrepresentation claim with particularity under Rule 9(b). As such, Plaintiff must state "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiff]; and (4) what the defendants gained by the alleged fraud." Brooks, 116 F.3d at 1381. Plaintiff's present Complaint does not meet these requirements.

At this point, however, this finding is not fatal to Plaintiff's claim, because he has requested leave to amend his Complaint. Dkt. No. 23-1 p. 12. Ordinarily, the Court grants one opportunity to amend before dismissing the complaint. United States ex rel. Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). This includes situations, as here, where the request was made within a response to a defendant's motion to dismiss. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Thus, the Court will deny Defendant's Motion to Dismiss and permit one amendment to the Complaint. Therefore, the Court orders that Plaintiff must file an amended complaint within 10 days of this ruling. The Court cautions Plaintiff that failure to do so will result in the dismissal of this action.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons set forth above, it is hereby ordered that Defendant HCA, Inc.'s Motion to Dismiss (Dkt. No. 16) is **GRANTED**. It is further ordered that Defendant UMR Insurance Company's Motion to Dismiss (Dkt. No. 11) and Defendant Memorial Healthcare Group, Inc.'s Motion to Dismiss (Dkt. No. 17) are **DENIED**. The Court grants Plaintiff's request for leave to amend and gives him <u>10</u> days to file an amended complaint in this action.

**SO ORDERED**, this 13th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)