# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

GEORGE RAYMOND HESTER, *
JR., as administrator of *
the Estate of Teresa *
Hester and as surviving *
spouse of Teresa Hester, * No: 5:16-CV-82
 *
    Plaintiff, *
 *
v. *
 *
UMR, INC. & MEMORIAL *
HEALTHCARE GROUP, INC. *
 *
    Defendants. *

## ORDER

Before the Court are Defendants UMR, Inc.'s ("UMR") Motion to Dismiss (Dkt. No. 35) and Memorial Healthcare Group, Inc.'s ("Memorial") Motion to Dismiss (Dkt. No. 36). Plaintiff George Raymond Hester also brings a Motion to Add Memorial Family Practice Associates, LLC ("Memorial Family") as a Defendant (Dkt. No. 61). The motions have been fully briefed and are now ripe for decision. For the reasons stated below, UMR's Motion to Dismiss (Dkt. No. 35) is **GRANTED** and Memorial's Motion to Dismiss (Dkt. No. 36) is **DENIED**. In addition, Plaintiff's Motion to Add Memorial Family (Dkt. No. 61) is **GRANTED**.

## BACKGROUND

The facts stated herein are taken solely from Plaintiff Amended Complaint and are assumed to be true, pursuant to Rule 12(b)(6). Plaintiff was the husband of Teresa Hester ("Mrs. Hester"). Mrs. Hester received gastric lapband surgery at a hospital operated by Memorial on March 3, 2015. Dkt. No. 30 ¶¶ 13-14. Plaintiff alleges that a surgeon in the employ of Memorial assured Mrs. Hester that the surgery would be fully covered through her insurance, and if not, that the rest would be covered by Medicare. Id. ¶¶ 18-19. Plaintiff alleges that the surgery was ultimately not covered by either Mrs. Hester's insurance or Medicare. Mrs. Hester died on March 2, 2016. Id. ¶¶ 20-21. Plaintiff alleges that Mrs. Hester's death was due to complications from surgery. Plaintiff further alleges that Mrs. Hester never would have elected to undergo surgery had it not been for Defendants' representations that the surgery would be covered by Medicare. Id. ¶ 21.

Plaintiff now brings an action for negligent misrepresentation against all Defendants and seeks to obtain in excess of two million dollars in damages. The Court previously granted the Plaintiff's Motion to Amend, finding that Plaintiff was required to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Dkt. No. 29. The Court now considers Defendants' renewed Motions to Dismiss, which argue that Plaintiff has failed to meet that standard.

AO 72A
(Rev. 8/82)

**LEGAL STANDARD**

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

However, when an allegation sounds in fraud, the higher pleading standard of Federal Rule of Civil Procedure 9(b) applies. Under this standard, the plaintiff must state with "particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiff]; and (4) what the defendants gained by the alleged fraud." Brooks v.

3

Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997).

## DISCUSSION

The Court previously granted Plaintiff an opportunity to amend his Complaint, with the caveat that he would need to meet the more exacting standard of Federal Rule of Civil Procedure 9(b) in order to survive dismissal, as his allegations sound in fraud. Dkt. No. 29. Plaintiff makes the allegation that "Mrs. Hester was assured that her surgical procedure on March 3, 2015 would be covered by her insurance with UMR." Dkt. No. 30 ¶ 17.

Other paragraphs from Plaintiff's Amended Complaint add more detail, such as the claim that Mrs. Hester's surgeon, Dr. Arundhati Rao ("Dr. Rao"), made certain representations that Mrs. Hester's surgery would be covered by insurance and Medicare. Id. ¶¶ 18-19. In addition, while not providing a specific date, Plaintiff alleges that the statements were made during "the final pre-op visit" at Memorial's facility in Jacksonville. Id. ¶ 19. These allegations tell Defendant Memorial both when the misrepresentation occurred (the final pre-op visit) and where it occurred (at the Jacksonville facility).[1] Finally, Plaintiff alleges that Memorial had a financial motivation in making the misrepresentation, in that it sought to gain Mrs. Hester as a patient. Id.

---

[1] Plaintiff alleges UMR's misrepresentations were made at about the same time. Dkt. No. 30 ¶ 19.

Plaintiff's allegations against UMR are far less specific. Plaintiff did not identify the person responsible for the alleged misrepresentation, nor did he identify where it occurred. In fact, Plaintiff asserts that neither he nor Mrs. Hester ever had any contact with UMR or its representatives. Dkt. No. 30 ¶ 19. As such, Plaintiff has not put UMR on notice as to either the person who made the misrepresentation or where the misrepresentation was made.

Therefore, while Plaintiff's allegations against Memorial meet the heightened pleading standard under Rule 9(b), his allegations against UMR do not and will be dismissed.

Memorial argues that even if Plaintiff has provided more particularity to comply with Rule 9(b), Plaintiff nonetheless has failed to state a claim for relief, because he has not stated a claim for negligent misrepresentation. Memorial cites this Court's ruling in Arch Insurance Co. v. Clements, Purvis & Stewart, P.C. as support for the proposition that Plaintiff's Amended Complaint should be dismissed. Dkt No. 35 p. 4; 850 F. Supp. 2d 1371 (S.D. Ga. 2011), aff'd, 434 F. App'x 826 (11th Cir. 2011) (per curiam). However, Plaintiff's allegations are distinguishable from those set out in Arch. That case involved a defendant that had allegedly failed to complete construction audits in a timely manner. 850 F. Supp. 2d at 1371. The plaintiff sustained damages and sued for negligent

misrepresentation. Ultimately, this Court granted dismissal because the plaintiff failed to explain two things: fist, how the defendant acted negligently and second, what misrepresentation was actually made. Id. at 13.

But Plaintiff's Amended Complaint suffers from neither of these two flaws. Plaintiff alleges that Memorial misrepresented Mrs. Hester's insurance status in order to profit from the surgery. Dkt. No. 30 ¶ 19. Unlike in Arch, the Plaintiff has alleged the exact misrepresentation made and the exact conduct that was negligent. These allegations are plausible and stated with particularity. As such, Memorial's Motion to Dismiss will be denied.

Lastly, the Court addresses Plaintiff's Motion to Add Memorial Family. Plaintiff asserts that Memorial Family "does business with" Defendant Memorial. Dkt. No. 61 p. 1. Plaintiff claims that he did not originally include Memorial Family because he believed this entity was a trade name for Memorial. Leave to amend must be granted absent a specific, significant reason for denial. Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant Memorial has not presented a persuasive reason for denial. Certainly, Defendant asserts that Plaintiff had sufficient notice of the existence of this party and should have amended sooner. Dkt. No. 66. But the Court notes that this matter is in its initial stages. No scheduling order has yet

AO 72A
(Rev. 8/82)

been set. Furthermore, Memorial has stated no prejudice in allowing Plaintiff to add Memorial Family.

Memorial's other arguments largely rely on the contentions it previously made in its Motion to Dismiss. As stated above, Plaintiff's allegations are made with sufficient particularity to survive a motion to dismiss. While the Court cannot yet discern whether claims against Memorial and Memorial Family will succeed, they are nonetheless plausible, stated with particularity, and warrant discovery. As such, Plaintiff's Motion to Add Memorial Family will be granted.

**CONCLUSION**

For the reasons set forth above, it is hereby ordered that Defendant UMR, Inc.'s Motion to Dismiss (Dkt. No. 35) is **GRANTED** and Defendant Memorial Healthcare Group, Inc.'s Motion to Dismiss (Dkt. No. 36) is **DENIED**. Plaintiff's Motion to Add Memorial Family (Dkt. No. 61) is **GRANTED**.

**SO ORDERED**, this 28TH day of September, 2017.

HON. LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA